## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

In re

**GARY JOHN HETTICK**,

Debtor.

Case No.  **04-60081-7**

## *MEMORANDUM of DECISION*

At Butte in said District this 13th day of March, 2008.

In this Chapter 7 bankruptcy, after due notice, a hearing was held March 6, 2008, in Missoula on the Trustee's Application to Appoint Employment of Professional filed January 22, 2008, together with Kaye Tomlinson's "Objection to Employment of Counsel for Bankruptcy Estate, [and] Motion to Vacate January 23, 2008, Order Authorizing Appointment of Counsel for Estate" filed January 25, 2008.  The Chapter 7 Trustee, Donald W. Torgenrud, Jr. ("Torgenrud"), appeared at the hearing with attorney Quentin M. Rhoades ("Rhoades") of Missoula, Montana and Kaye Tomlinson ("Tomlinson") was represented at the hearing by attorney Timothy B. Strauch ("Strauch") of Missoula, Montana.  The Court heard arguments from attorneys Strauch and Rhoades.  Torgenrud testified.  Tomlinson's Exhibits 1 through 19 were admitted into evidence without objection, Tomlinson's Exhibit 20 was admitted into evidence over the objection of Rhoades, and the Trustee's Exhibit A was admitted into evidence without objection. At the conclusion of the hearing, the Court took the matter under advisement.  This

1

Memorandum of Decision sets forth the Court's findings of fact and conclusions of law.

The Trustee's Application to Appoint Employment of Professional ("Application") filed January 22, 2008, reflects that the Trustee wishes to employee Rhoades and the law firm of Sullivan, Tabaracci and Rhoades, P.C. on a contingency fee basis for the sole purpose of recovering a newly discovered asset. The Trustee discloses in the Application that Rhoades represents creditors David and Nicole McCue. However, the Trustee asserts that Rhoades' "service in the case is permitted because the interests of his creditor clients, David McCue and Nicole McCue, coincide with the interests of the estate with respect to recovery of the newly discovered asset." Furthermore, Rhoades asserts in his affidavit attached to the Application that "[c]reditors David McCue and Nicole McCue have consented to my representation of the Trustee for purposes of recovering the newly discovered asset."

The "newly discovered asset" that the Trustee seeks to recover is allegedly an undisclosed amount of money that Tomlinson received under Debtor's General Commercial Liability policy with Employers Mutual Casualty Company ("EMC"). After obtaining relief from the automatic stay on January 4, 2006, "to prosecute her pending claims in a civil action in Flathead County, Montana Case No. DV-03-082(C) to pursue her claims for recovery under a Commercial General Liability Policy issued by Employers Mutual Casualty Company to the Debtor (Policy NO. 1X8812302), but not to seek recovery against the Debtor individually" Tomlinson continued with an action against the Debtor. Debtor requested that EMC defend Tomlinson's action. EMC refused to defend on behalf of Debtor and Tomlinson ultimately obtained a Default Judgment against Debtor on July 14, 2006, which Default Judgment was replaced by an Amended Default Judgment against Debtor dated November 22, 2006, in the amount of $622,478.19, plus costs.

2

Exhibit 14.

Between the date of the Default Judgment and the Amended Default Judgment and unbeknownst to the Court or Torgenrud, Debtor purportedly assigned his claims against EMC to Tomlinson on or about September 11, 2006.  Exhibit A.  This case was not closed until November 15, 2006, and thus the undisclosed assignment clearly occurred while this case was open.  The fact that the assignment was not disclosed to or approved by this Court may very well void the assignment and as a consequence, may leave EMC on the hook for any monies that may be owed to the bankruptcy estate stemming from Debtor's claims against EMC for its failure to defend Debtor in Tomlinson's state court action.

Tomlinson later prosecuted Debtor's breach of contract claim against EMC, and on July 13, 2007, was awarded summary judgment in the amount of $622,478.00, plus interest, costs and attorney fees.  In November of 2007, Rhoades advised Torgenrud of Tomlinson's summary judgment award against EMC and Rhoades eventually convinced Torgenrud that Tomlinson's summary judgment award was an unscheduled asset of the bankruptcy estate.

Not surprisingly, Tomlinson vigorously opposes the Trustee's appointment of Rhoades as special counsel to recover Tomlinson's award from EMC, arguing that Rhoades failed to adequately disclose the nature of his representation of the McCues and further argues that Rhoades is not a disinterested person as required by 11 U.S.C. § 327(a) because Rhoades, on behalf of the McCues, obtained a $1,213.250.89 nondischargeable judgment against Debtor in Adversary Proceeding 04-00072, *McCue v. Hettick*.  Thus, Strauch argues that Rhoades has both a potential conflict of interest and an actual conflict of interest.

The Bankruptcy Code allows a trustee of a bankruptcy estate to employ attorneys to assist

3

him or her with trustee duties. 11 U.S.C. § 327(a). Section 327(a) provides that "[e]xcept as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." An exception to the requirement of disinterestedness found in § 327(a) is provided in 11 U.S.C. § 327(c), which reads: "In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest."

Prior to amendment of § 327(c) in 1984,[1] the Bankruptcy Appellate Panel for the Ninth Circuit in *Fondiller v. Robertson (In re Fondiller),* 15 B.R. 890 (Bankr. 9th Cir.1981), approved the employment of special counsel to the trustee for the limited purpose of investigating and recovering certain assets even though the counsel continued to represent certain creditors in the case. Recognizing the potential for conflict where an attorney represents both a creditor and the trustee as general counsel, the panel acknowledged that the statute would require the firm to cease representing the creditors if it were to act as general counsel rather than as special counsel to the trustee. 15 B.R. at 892. However, the court in *Fondiller* went on to explain that the same

---

[1] Prior to amendment in 1984, § 327(c) read: "In a case under chapter 7 or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, but may not, while employed by the trustee, represent, in connection with the case, a creditor." The annotations to § 327(a) explain that the 1984 amendment "provides greater flexibility for the trustee in hiring a professional person to assist with trustee's duties."

concerns did "not apply to those situations in which an attorney's services are limited to a narrow field for a specific purpose." *Id.* The firm's employment was limited to the search for and recovery of specific assets and the investigation of certain alleged fraudulent conveyances (not involving the firm's creditor clients). To that extent, the estate's interests and the interests of the firm's clients were identical with respect to the firm's duties as special counsel. Thus, the statute did not prohibit the firm's employment "wherein the attorneys represent the trustee in a special limited capacity that presents no conflict of interests between the trustee and the creditor clients of the attorneys." *Id. See also In re Iorizzo,* 35 B.R. 465 (Bankr.E.D.N.Y.1983) (though special counsel represented estates which might have certain interests adverse to each other, interests which were represented as special counsel were interests which estates shared in common to investigate and recover concealed assets and, thus, there was no conflict of interest requiring disqualification).

In this case, the Trustee seeks to hire Rhoades to ascertain whether Tomlinson's summary judgment award against EMC is an asset of this bankruptcy estate. To that end, the Trustee's interests are aligned and harmonious with that of the McCues and the Court sees, and Tomlinson has not shown, that Rhoades has or will have any actual conflict of interest. Indeed, Torgenrud has shown that Rhoades' representation for the sole purpose of recovering a specific asset is necessary to recover a potentially substantial asset of the estate that was never disclosed by the Debtor in his schedules or by Tomlinson in her pleadings. Under § 327(c), as amended in 1984, it is quite evident that this Court should approve the Trustee's Application to approve the employment of Rhoades. In accordance with the foregoing, the Court will enter a separate order providing as follows:

IT IS ORDERED that Kaye Tomlinson's Objection to Employment of Counsel for Bankruptcy Estate is OVERRULED; Kaye Tomlinson's Motion to Vacate January 23, 2008, Order Authorizing Appointment of Counsel for Estate is DENIED; and the Trustee is authorized to employ Quentin M. Rhoades and the law firm of Sullivan, Tabaracci & Rhoades, P.C. in accordance with the Order entered January 23, 2008.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana